**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**DIVISION**

| | | |
|---|---|---|
| **AMIT GUPTA,** *Plaintiff* | § | |
| | § | |
| **v.** | § | |
| | § | **No. 1:26-CV-00599-RP** |
| **JOSEPH B. EDLOW, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** *Defendants* | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Joseph B. Edlow and United States Citizenship and Immigration Services' ("USCIS," and with Edlow, "Defendants") motion to dismiss, Dkt. 4, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant the motion.

## I. BACKGROUND

Plaintiff Amit Gupta, a citizen and national of India, applied for immigration benefits associated with having invested a certain amount of capital in a commercial enterprise in the United States. Dkt. 1, at 2, 8, 11-12. Under the EB-5 program, individuals may obtain a visa and other immigration benefits if they have invested, or are actively in the process of investing, a minimum amount of capital in a new commercial enterprise which will benefit the United States economy and create full-time employment for at least ten individuals who are lawfully authorized to work in

the United States. 8 U.S.C. § 1153(b)(5)(A). To obtain a visa under the EB-5 program, an individual may submit a Form I-526, Immigration Petition by Standalone Investor, or I-526E, Immigrant Petition by Regional Center Investor ("Form I-526E") to USCIS. 8 C.F.R. § 204.6(a), (c), (j). If the individual is already within the United States, he may concurrently file a Form I-485, Application to Register Permanent Resident or Adjust Status ("Form I-485"). 8 U.S.C. § 1255(a).

Since filing his Form I-526E and Form I-485 in June 2025, USCIS has "failed to take final adjudicatory action" on Gupta's application and those of his derivative beneficiaries. Dkt. 1, at 11-12. As a result of the delay in adjudication, Gupta alleges he has experienced "financial loss, professional limitations, disruption of family stability, and prolonged legal uncertainty" as to his immigration status. *Id.* at 12-13. Proceeding pro se, Gupta brings claims against Defendants under the Administrative Procedure Act ("APA"), under which he seeks declaratory and injunctive relief, and the Equal Justice Act, under which he seeks fees and costs associated with this litigation. *Id.* at 16-25. Gupta asks the Court to issue an order declaring that the USCIS has unreasonably delayed adjudication of his applications in violation of the APA and compelling the agency to conclude such adjudication within 30 days. *Id.* at 24. In the alternative, Gupta seeks mandamus relief. *Id.* at 4, 6.

Defendants moved to dismiss Gupta's claims, arguing that this Court lacks jurisdiction to compel USCIS to adjudicate Gupta's immigration applications and because Gupta cannot state a claim for unreasonable delay under the APA, which also implicates this Court's subject-matter jurisdiction. Dkt. 4, at 7-17. Gupta

opposed the motion, insisting that this Court does have jurisdiction over this dispute and that he has plausibly stated a claim under the APA; he requests leave to amend in the alternative. Dkt. 5, at 5-13. In reply, Defendants argue that Gupta's complaint should be dismissed without affording him an opportunity to amend his pleading. Dkt. 6, at 1-7.

## II. LEGAL STANDARDS

### A. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit. Fed. R. Civ. P. 12(b)(1). Federal district courts are courts of limited jurisdiction and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A federal court properly dismisses a case for lack of subject-matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied sub nom.*, *Cloud v. United States*, 536 U.S. 960 (2002). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts,

and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B. 12(b)(6)**

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its

proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey,* 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## III. DISCUSSION

Defendants argue that this Court lacks subject-matter jurisdiction over Gupta's claims, and that in any event, he has failed to state a claim under the APA so as to confer this Court with jurisdiction under that statute. Dkt. 4, at 7-14. Gupta counters that his claims fall outside of any jurisdiction-stripping provision of the Immigration and Nationality Act ("INA"), and that he has shown that Defendants have unreasonably delayed adjudication of his applications; in the alternative, he seeks leave to amend. Dkt. 5, at 5-13. In reply, Defendants maintain that Gupta's "personal belief" that USCIS should have adjudicated his application within a certain time frame does not entitle him to relief or the opportunity to amend his complaint. Dkt. 6, at 1-7.

### A. The Court does not have subject-matter jurisdiction over Gupta's claims under section 1252(a)(2)(B)(ii) of the Immigration and Nationality Act.

Defendants argue that the Court does not have subject-matter jurisdiction over Gupta's claims based on section 1252(a)(2)(B)(ii) of the INA, which strips courts of jurisdiction to review discretionary decisions of the Attorney General or Department of Homeland Security. Dkt. 4, at 15-17. Gupta responds that his claims fall outside the jurisdiction-stripping provisions of the INA because he is not challenging a discretionary decision of USCIS, but rather its failure to promptly issue a decision on his applications. Dkt. 5, at 5-7. In reply, Defendants maintain that because USCIS has discretion to determine the manner and order in which it processes the applications Gupta has submitted, its challenged actions here fall within section 1252(a)(2)(B)(ii). Dkt. 6, at 1-4.

Under section 1252(a)(2)(B)(ii), "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii). Section 1255(a), which governs adjustment of status, states that the Attorney General "may" adjust the status of an individual "in his direction and under such regulations he may prescribe," if certain requirements are met. 8 U.S.C. § 1255(a). The statute governing immigrant-investor benefits, such as EB-5 visas, states that the Secretary of Homeland Security "may process petitions in a manner and order established by the Secretary." 8 U.S.C. § 1153(b)(5)(E)(ii). Both statutes

explicitly grant discretion to the Attorney General or the Secretary of Homeland Security in adjudicating the applications Gupta has submitted to USCIS. 8 U.S.C. § 1255(a); 8 U.S.C. § 1153(b)(5)(E)(ii); *see also Bouarfa v. Mayorkas*, 604 U.S. 6, 13 (2024) ("As this Court has repeatedly observed, the word 'may' clearly connotes discretion." (cleaned up and citations omitted)). This explicit grant of discretion suggests that Gupta's claims of delay fall within the INA's jurisdiction-stripping provision.

Moreover, the Fifth Circuit has recently explained that section 1252(a)(2)(B)(ii) deprives courts "of jurisdiction to review *any discretionary decision* or action rendered by the Attorney General," including the "pace at which th[e] [adjudication process] is undertaken." *Cheejati v. Blinken*, 106 F.4th 388, 394 (5th Cir. 2024) (holding that "§ 1252(a)(2)(B)(ii) prevents us from hearing a challenge to [Department of State]'s and USCIS's retrogression hold policies, as they are actions undertaken by the Attorney General and expressly left to his discretion under § 1255(a)"), *cert. denied*, 145 S. Ct. 1126 (2025). While Gupta is correct that *Cheejati* involved a challenge to delay in adjudicating applications for adjustments of status based on a lack of available visa numbers due to high demand, the Fifth Circuit's reasoning applies to Gupta's claim of delay. Dkt. 5, at 6-7; 106 F.4th at 390. Indeed, the Fifth Circuit did not rest its holding on the unavailability of visa numbers but rather the fact that "the discrete acts undertaken to render an adjustment decision and the timing of those acts are determined by the Attorney General in his discretion, and that discretionary action cannot be reviewed by federal courts" under section 1252(a)(2)(B)(ii). *Id.* at 394

Here, similarly, Gupta challenges "the timing of" USCIS's adjudication of his applications, which falls within the contours of *Cheejati* and supports a finding that this Court does not have subject-matter jurisdiction over Gupta's claims under section 1252(a)(2)(B)(ii). Dkt. 1, at 19 (complaining of the "continued and unreasonable delay in adjudicating Plaintiff's Forms l-526E and 1-485"); 106 F.4th at 394; *see also Mysaev v. U. S. Citizenship & Immigr. Servs.*, No. 3:22-CV-0371-B, 2022 WL 2805398, at *6 (N.D. Tex. July 18, 2022) ("If the Court were to either adjudicate or compel adjudication of [plaintiff]'s claim, it would unfairly prejudice those who have been waiting longer than [plaintiff] and create a race to the courthouse, substituting the federal courts as adjudicators of immigration applications—a role Congress conferred to USCIS." (citation omitted)). The undersigned recommends that the District Judge grant Defendants' motion to dismiss on the basis that this Court lacks subject-matter jurisdiction over Gupta's claims under section 1252(a)(2)(B)(ii) of the INA.

**B. Gupta has not established subject-matter jurisdiction under section 706 of the APA because he cannot show unreasonable delay at this time.**

Even assuming section 1252(a)(2)(B)(ii) did not prevent this Court from reviewing Gupta's challenge, his claims would still fail because Gupta cannot show that USCIS unreasonably delayed adjudication of his applications. Section 706 of the APA allows courts to "compel agency action unlawfully withheld or unreasonably delayed[.]" 5 U.S.C. § 706(1). As relevant to Gupta's claims, an "agency action" may refer to an agency's "failure to act." *Id.* § 551(13). "[A] claim under § 706(1) can

proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*." *Norton v. S. Utah Wilderness All. (SUWA)*, 542 U.S. 55, 64 (2004) (emphasis in original); *Fort Bend County v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 197 (5th Cir. 2023) ("A court's authority to compel agency action is limited to instances where an agency ignored 'a specific, unequivocal command' in a federal statute or binding regulation." (quoting *SUWA*, 542 U.S. at 63)). If a plaintiff fails to show an unreasonable delay, he has "suffered no legal wrong for which federal law waives sovereign immunity and the Court lacks jurisdiction." *Chuttani v. U. S. Citizenship & Immigr. Servs.*, No. 3:19-CV-02955-X, 2020 WL 7225995, at *2 (N.D. Tex. Dec. 8, 2020) ("Strange as it is then, the Court must therefore engage with the merits of the plaintiffs' claims at the jurisdictional stage.").

Here, Gupta cannot show unreasonable delay in the adjudication of his applications for immigration benefits, which had been pending for almost nine months at the time he filed this lawsuit. Dkt. 1, at 2 (alleging that "[f]or more than eight months, the Plaintiff's Form l-526E Immigrant Petitions by Alien Entrepreneurs have remained pending without adjudication"); 11-12. Initially, the statutes applicable to adjustment-of-status and immigrant-investor applications do not set deadlines by which USCIS must adjudicate such applications. *See* 8 U.S.C. § 1255; 8 U.S.C. § 1153. In addition, Gupta's alleged delay—even counting the additional time since filing his complaint—falls well below the USCIS's estimated case-processing times for his pending applications. Dkt. 4, at 10. USCIC's website advises that Form I-526E petitions are usually resolved within 35 months and Form

I-485 applications are usually resolved within 40 months. *Case Processing Times*, U.S. Citizenship and Immigr. Servs., https://egov.uscis.gov/processing-times (last visited September 4, 2026).

Courts assessing similar claims of unreasonable delay in the processing of EB-5 visas have concluded that plaintiffs cannot establish subject-matter jurisdiction under the APA based on unreasonable delay where the plaintiffs' wait time is below USCIS's average estimated processing times for plaintiff's applications. *Paka v. United States Citizenship & Immigr. Servs.*, No. 3:20-CV-01545-X, 2021 WL 857087, at *2 (N.D. Tex. Mar. 8, 2021) ("The Court sees no reason to find an unreasonable delay before the plaintiffs' wait time exceeds the upper limit of Citizenship and Immigration Services' current average processing time."); *Chuttani*, 2020 WL 7225995, at *4 ("The Court is reluctant to hold unreasonable any delay in adjudicating an immigration benefit application that's less than the upper limit of Citizenship and Immigration Services' current estimated processing time for that particular application form and will not do so here."). Moreover, "evidence of the passage of time cannot, standing alone, support a claim of unreasonable delay" under the APA. *See* Dkt. 1; *Hoo Loo v. Ridge*, No. 04CV5553(DLI)(RML), 2007 WL 813000, at *4 (E.D.N.Y. Mar. 14, 2007) (citing *INS v. Miranda*, 459 U.S. 14, 19 (1982)); *Yan v. Mueller*, No. CIV.A. H-07-0313, 2007 WL 1521732, at *9 (S.D. Tex. May 24, 2007) ("The passage of time, standing alone, is not evidence of unreasonable delay where immigration applications are concerned."); *Miranda*, 459 U.S. at 18 (noting that "[b]oth the number of the applications received ... and the need to investigate their

validity may make it difficult for the agency to process an application as promptly as may be desirable").

Gupta cannot show unreasonable delay at this time and has thus failed to invoke this Court's jurisdiction under section 706 of the APA. As such, even if section 1252(a)(2)(B)(ii) did not deprive this Court of subject-matter jurisdiction to hear Gupta's challenge, Gupta's APA claim should nonetheless be dismissed.[1]

**C. Gupta's request to amend his complaint should be denied.**

In his response to Defendants' motion, Gupta requests leave to amend his complaint to "plead updated delay periods, additional facts about USCIS's continued inaction, and additional supporting evidence developed since the filing of the original Complaint." Dkt. 5, at 13. Defendants urge the Court to deny Gupta's request because he "cannot allege any additional facts that would show that the Court has jurisdiction over his claims." Dkt. 6, at 7. The undersigned agrees.

"Generally, ... a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)). Here, however, allowing Gupta to amend his complaint would be futile given the Court's lack of

[1] Gupta's request for a writ of mandamus similarly fails because he cannot show that his "right to the writ is clear and indisputable" at this time. *Chuttani*, 2020 WL 7225995, at *5 (citing *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004)). Gupta also cannot maintain his claim for attorneys' fees and costs under the Equal Access to Justice Act in the absence of an underlying claim. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 480 (1990) (explaining that an "interest in attorney's fees is ... insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim" (citation omitted)).

subject-matter jurisdiction over this case. *Narkin v. Reagan*, No. G-06-449, 2006 WL 2591036, at *1 (S.D. Tex. Sept. 7, 2006) (denying the pro se plaintiff leave to amend because a federal court "is powerless to grant leave to amend when it lacks jurisdiction over the original complaint"). The undersigned recommends that the District Judge deny Gupta's request for leave to amend his complaint.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants' motion to dismiss, Dkt. 4, and **DISMISS WITHOUT PREJUDICE** Gupta's claims without granting him leave to amend his complaint.

The referral of this case to the Magistrate Judge should now be canceled.

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 18, 2026.



DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE