IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMIT GUPTA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH B. EDLOW, *in his official capacity as Director of United States Citizenship and Immigration Services*, and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 1:26-CV-599-RP |

**ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Dustin Howell concerning Defendant's Motion to Dismiss, (Dkt. 4). (R. & R., Dkt. 7). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Howell issued his report and recommendation on September 18, 2026. (*Id.*). Plaintiff timely filed objections to the report and recommendation. (Obj., Dkt. 8).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff timely objected to the report and recommendation, the Court reviews the report and recommendation de novo. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation, in part, as its own order.

Judge Howell correctly noted that this claim fails under Feder Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because section 1252(a)(2)(B)(ii) of the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over this case. (Dkt. 6, at 6-8). The Court adopts Judge Howell's reasoning as to F.R.C.P. 12(b)(1) and INA section 1252(a)(2)(B)(ii). (*Id.*). However, because this Court is without jurisdiction to review the case, we do not reach the question of whether Plaintiff successfully stated a claim to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Rivero v. Fid. Invs., Inc.*, 1 F.4th 340, 344 (5th Cir. 2021) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety.") (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (R. & R., Dkt. 7), is **ADOPTED AS MODIFIED**. Defendant's Motion to Dismiss, (Dkt. 4), is **GRANTED**. Specifically, this case is dismissed pursuant to Fed. Rule Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction, and the Court does not reach the question of whether Plaintiff failed to state a claim for which relief can be granted.

**IT IS ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

The Court will enter final judgment by separate order.

**SIGNED** on November 19, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE